# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GRENADO D. BROWN, | ) | |
|     Petitioner, | ) | |
| | ) | No. 09 C 3920 |
| -vs- | ) | |
| | ) | Senior U.S. District Judge |
| | ) | GEORGE W. LINDBERG |
| FRANK L. SHAW, et al., | ) | |
|     Respondents. | ) | |

## MEMORANDUM AND ORDER

On June 27, 2002, petitioner, Grenado D. Brown, pled guilty and was sentenced to consecutive terms of imprisonment of 50 years for first degree murder, 15 years for aggravated vehicular hijacking, and 10 years for vehicular hijacking, in the Circuit Court of Cook County, Illinois. Petitioner filed a petition for writ of habeas corpus in this court, alleging that his consecutive sentences violate state statutes, the Illinois Constitution, and the 5th and 14th Amendments of the United States Constitution. Respondent moved to dismiss petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1). Petitioner responded by filing a "Reply Motion to Deny Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus as Time-Barred." Because petitioner is proceeding *pro se*, the court must construe petitioner's petition and motion liberally. *Palmer v. Decatur*, 814 F.2d 426, 428 (7th Cir. 1987).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a 1-year limitations period for an application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1); *see also U.S. ex rel. Gooch v. Scillia*, 56 F. Supp. 2d 1040, 1042 (N.D. Ill. 1999). In this case, it is undisputed that the 1-year limitations period runs from "the date on which the [State court's] judgment [against petitioner] became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not seek direct review of the judgment against him until he filed a motion to reduce his sentence with the trial court on November 13, 2002–nearly four and a half months after he was sentenced. Accordingly, the trial court denied petitioner's motion as untimely. *See* Ill. Sup. Ct. R. 604(d). The 30th day after petitioner pled guilty and was sentenced fell on Saturday, July 26, 2002; hence, he had until Monday, July 28, 2002, to appeal his conviction. 5 ILCS 70/1.11; *see also City of Chi. v. Greene*, 264 N.E. 2d 163, 165 (Ill. 1970) (finding that a defendant's post-trial motion, which needed to be filed 30 days after the judgment, was timely when the motion was filed on a Monday, the 31st day after the judgment). Thus, the judgment against petitioner became final and Section 2244(d)(1)'s 1-year limitations period began running on July 28, 2002, the day that petitioner could no longer seek direct review of the state court's judgment. *See e.g. U.S. ex rel. Soto v. Liebach*, 2004 WL 2222267 at *2 (N.D. Ill. Oct. 1, 2004); *U.S. ex rel. Pickens v. Battles*, 2004 WL 609368 at *1 (N.D. Ill. Mar. 22, 2004).

The AEDPA's 1-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ." 28 U.S.C. § 2244(d)(2). However, petitioner did not file another motion until February 2005, well after the AEDPA's 1-year limitations period expired, when he filed a motion for relief from judgment under 735 ILCS 5/2-1401. Because this motion and all the other motions that he subsequently filed came well after the AEDPA's limitations period had expired, the pendency of these motions does not affect the conclusion that petitioner's habeas petition was

09 C 3920

not timely filed. *See e.g. Graham v. Borgen*, 483 F.3d 475, 482-483 (7th Cir. 2007); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005); *U.S. ex rel. Pickens*, 2004 WL 609368 at *1.

Petitioner mistakenly argues that the AEDPA's limitations period did not begin running until May 28, 2009, the date that the Illinois Supreme Court denied his petition for leave to appeal. In support of this allegation, petitioner directs the court to *Burton v. Stewart*, where the Supreme Court stated that a state prisoner's limitations period for filing a petition for habeas corpus "did not begin until both his conviction *and* sentence became final." 549 U.S. 147, 156-157 (2007) (per curiam) (emphasis in original).

Petitioner is correct that the AEDPA's limitations period begins running only when his conviction and sentence become final. However, petitioner's conviction and sentence became final on July 28, 2002, when he could no longer seek direct review of his conviction. *See* 28 U.S.C. § 2244(d)(1)(A); Ill. Sup. Ct. R. 604(d). Thus, while petitioner's post-conviction appeal may have been timely, it did not reset the AEDPA's limitations period. *See e.g. Graham*, 483 F.3d at 478, 482-483; *U.S. ex rel. Soto*, 2004 WL 2222267 at *2; *Love v. Trancoso*, 2004 WL 1660629 at *1 (N.D. Ill. Apr. 12, 2004).

Furthermore, equitable tolling does not afford petitioner relief. "Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). However, "equitable tolling is rarely granted." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Petitioner has not alleged any extraordinary circumstances which could account for his failure to

09 C 3920

file his petition for a writ of habeas corpus until over five years had passed since Section 2244(d)(1)'s statute of limitations had expired.

Furthermore, the court declines to grant petitioner a certificate of appealability (COA). *See* 28 U.S.C.A. § 2253(c); Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also U.S. ex rel. Jordan v. Walls*, 2002 WL 31455971, *1 (N.D. Ill. Nov. 1, 2002). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000). In deciding whether a COA should issue, district courts are encouraged to resolve procedural issues first "if their resolution would avoid the need to pass upon the constitutional questions." *Escamilla v. Walls*, 2004 WL 2339321, *1 (N.D. Ill. Oct. 14, 2004); *see also Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003). No reasonable jurist would find it debatable that the AEDPA's limitations period expired before petitioner filed his petition for writ of habeas corpus.

**ORDERED:** Petitioner Grenado D. Brown's "Reply Motion to Deny Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus as Time-Barred" [18] is denied. Respondent Frank L. Shaw's "Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Time-Barred" [15] is granted. Petitioner's petition for writ of habeas corpus [1] is

4

09 C 3920

dismissed with prejudice. Judgment denying petitioner's petition for writ of habeas corpus [1] will be set forth on a separate document and entered in the civil docket. Fed. R. Civ. P. 58(a), 79(a); *see also Armstrong v. Ahitow*, 36 F.3d 574, 575 (7th Cir. 1994) (per curiam). Petitioner is denied a certificate of appealability. 28 U.S.C.A. § 2253(c); Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: February 3, 2010

5